UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Central Division)

| | |
|---|---|
| In re<br><br>JOSHUA KELLY,<br><br>Debtor. | Chapter 13<br>Case No. 22-40685-EDK |

## ASSENTED-TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Saikrishnan Krishnamurthy (the "Krishnamurthy"), unsecured creditors holding claims against Joshua Kelly, the chapter 13 debtor herein (the "Debtor"), pursuant to 11 U.S.C sections 362(d)(1) and 362(d)(2), Rule 4001(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 4001-1 and 13-16-1 of the Massachusetts Local Bankruptcy Rules ("MLBR"), hereby move for an order modifying the automatic stay for the purpose of allowing the Krishnamurthy to pursue their claim against the Debtor solely: (i) against the Massachusetts Residential Contractor's Guaranty Fund (the "Fund"); and (ii) to the extent of available insurance coverage. **The Debtor has assented to the relief requested herein.** In support of this Motion, the Krishnamurthy represent as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334.

2. Venue is properly before this Court pursuant to 28 U.S.C. sections 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

{W15613959.1}

## Factual Background

4. On September 19, 2022 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (Eastern Division) (the "Court").

5. Prior to the Petition Date, the Krishnamurthy engaged the Debtor's company, JK Development Group Inc. ("JKDG"), to perform work on their home.

6. Disputes arose between the Krishnamurthy and the Debtor regarding the completion and timing of the work, as well as the schedule and timing of payments. Subsequently, JKDG abandoned the project.

7. On November 23, 2022, the Krishnamurthy filed their proof of claim in the Debtor's case on a general, unsecured basis in the amount of $32,668 [Claim No. 23-1] (the "Krishnamurthy Claim").

8. In his schedules of assets and liabilities and statement of financial affairs, the Debtor identified a claim by the Krishnamurthy, but listed the amount as $0.00.

9. The Fund was established in the Commonwealth to provide potential recovery (up to a maximum of $10,000) to homeowners in connection with contractor disputes pursuant to Massachusetts General Laws chapter 142A:

> for actual losses incurred by them as a result of registered contractor or subcontractor conduct which has been found by a court of competent jurisdiction to be work performed in a poor or unworkmanlike manner or which is a common law violation or a violation of any statute or regulation designed for the protection of consumers…provided, however, that the owner has exhausted all customary and reasonable efforts to collect the judgment but the contractor has filed for bankruptcy, fled the jurisdiction or the owner is otherwise unable to collect such judgment after execution.

Mass. Gen. Laws c. 142A §5.

10. In order to assert a claim against the Fund, the homeowner must first obtain either a state court judgment or an arbitration award under the private arbitration services program ("Program"), approved by the Director of the Office of Consumer Affairs and Business Regulation pursuant to section 4 of chapter 142A, and then have that award confirmed by a court pursuant to Massachusetts General Laws chapter 251. *See* 201 CMR § 14.00 *et seq.*

11. The Krishnamurthy did not obtain a prepetition judgment against the Debtor or JKDG, and have not yet participated in the Program. Accordingly, relief from the automatic stay is required to allow the Krishnamurthy to do so.

12. Upon information and belief, the Debtor and/or JKDG is the insured under one or more insurance policies which may provide coverage for any liability of the Debtor and/or JKDG to the Krishnamurthy.

13. Accordingly, the Krishnamurthy request relief from the automatic stay to proceed against the Debtor solely: (a) in connection any prospective recovery from the Fund; and (b) to the extent of available insurance coverage, if any.

### Argument

14. The Krishnamurthy are entitled to relief from the automatic stay pursuant to sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code.

15. Section 362 of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and

{W15613959.1}                                    3

     (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d).

16. Cause exists under section 362(d)(1) in that the Krishnamurthy have asserted claims against the Debtor and JKDG for which the Fund or any insurance coverage may be available. The Krishnamurthy are entitled to relief, therefore, to pursue such claims up to the amount of available coverage. The Krishnamurthy are not otherwise seeking affirmative relief against the Debtor or assets of the estate, except through the customary claims resolution process in connection with the Krishnamurthy Claim.

17. Cause also exists pursuant to section 362(d)(2). The Debtor has no equity in the Fund or any insurance policy or coverage. The proceeds of the Fund or insurance policies, if any, are not available to the Debtor or his estate. Although this is a chapter 13 case, there is no basis for the Debtor to claim the Fund or any insurance policy proceeds are necessary for an effective reorganization. Accordingly, both elements of section 362(d)(2) have been met.

18. The Krishnamurthy are entitled to relief from the automatic stay under sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code to pursue their rights against the Debtor to the extent of any available Fund or insurance coverage. *See, e.g.*, *In re Podmostka*, 527 B.R. 51 (Bankr. D. Mass. 2015).

### Assent of the Debtor

19. The Debtor has assented to the relief requested herein.

WHEREFORE, for all of the foregoing reasons, the Krishnamurthy request that the Court enter an Order, substantially in the form attached hereto:

    i. granting the Motion;

ii. granting relief from the automatic stay to the Krishnamurthy to allow them pursue their claim against the Debtor: (a) in connection with the Fund; and (b) to the extent of available insurance coverage;

iii. waiving the 14-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

iv. granting such other and further relief as just and necessary.

Respectfully submitted,

SAIKRISHNAN KRISHNAMURTHY

*/s/ Saikrishnan*

Saikrishnan Krishnamurthy
5 Village View Rd.
Westford, MA 01886
Telephone: (916) 412-9585
Email: saikrishnank@gmail.com

Dated: February 23, 2023

{W15613959.1}

5

RE: Motion for relief.

hweinberg@jrhwlaw.com <hweinberg@jrhwlaw.com>
Tue 2/21/2023 8:15 PM
To: 'sai Krish' <krishsai@hotmail.com>

The debtor hereby assents

---

**From:** sai Krish <krishsai@hotmail.com>
**Sent:** Wednesday, February 15, 2023 9:04 PM
**To:** hweinberg@jrhwlaw.com
**Subject:** Motion for relief.

Mr. Weinberg,
   Please review the draft copy of a "Motion for Relief" I will be filing with the bankruptcy court to allow me to recover some of my losses. If you could send me a letter for item-19 "Assent of the Debtor" on behalf of your client, Joshua Kelly, I would like to attach it to my Motion.

thanks,
-Sai

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY (Joshua Kelly 22-40685)

sai Krish <krishsai@hotmail.com>
Fri 2/10/2023 2:55 PM
To: hweinberg@jrhwlaw.com <hweinberg@jrhwlaw.com>

Mr. Weinberg,

I wanted to let you and Joshua Kelly be aware that I will be filing a motion to stay in the chapter-13 bankruptcy case 22-40685 against Joshua Kelly. My losses are well over $40,000 and I still haven't finished my construction project yet. At this point I am trying to get some financial relief to help me continue with my construction. If you and your client is willing to discuss options to help me by repaying for my losses it will help me substantially to continue and finish my construction.

Looking forward to hearing from you.

thanks,
-Sai

Saikrishnan Krishnamurthy
5 Village View Rd,
Westford, MA 01886.
916-412-9585.

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 23, 2023 true and correct copies of the foregoing motion were served via United States mail, First Class postage pre-paid, upon the individuals listed below.

ROSENBERG & WEINBERG
(Debtor's attorney)
805 Turnpike Street, Suite 201
North Andover, MA 01845.

David Mawhinney
(Trustee Chapter-13)
11 Pleasant Street, Suite 200
Worcester, MA 01601.

Saikrishnan Krishnamurthy
(Creditor)
5 Village View Rd.
Westford, MA 01886.